UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 11-30455-01

v.

JULIA HERNANDEZ,

　　*Defendant.*
　　_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.　Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX　(1)　The Government moved for detention at Defendant's first appearance pursuant to:

　　　　XX　18 U.S.C. § 3142(f)(1).

　　　　__　18 U.S.C. § 3142(f)(2).

__　(2)　A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.　Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__　(1)　Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__ (2) The offense described in finding ___ was committed while Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

__ the date of conviction, **or**

__ Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.   Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

<u>XX</u>   for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act[1], **or**

__ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

__ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

__ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

__ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

__ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.   Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that Defendant will not appear.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

__ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

__ by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

XX by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

__ both of the above.


**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically the manufacture of marijuana. From reviewing the affidavit supporting the criminal complaint, I find that there is a definite weight of evidence supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 25 of years of age and has been a United States citizen since 2001. For the past 10 months, Defendant has lived at her current address in Detroit, Michigan, with her boyfriend, who is a co-defendant, and who is currently

detained. Defendant has no family ties to this district. She has no economic ties to this district, as she has been unemployed for the past 10 months. She previously worked as a cashier at a casino in California and prior to that had temporary employment for three years. Defendant declined to participate in preliminary urinalysis screening. I note that a search of the residence occupied by Defendant produced paraphernalia consistent with the manufacture of marijuana, as well as firearms.

Although Defendant has no prior criminal history, since she has absolutely no ties to this District, and in light of the seriousness of the offense, as well as her possession of a passport, I conclude that Defendant would have irresistible incentive to flee if given the opportunity to do so. She constitutes an extreme risk of flight. I therefore conclude that, on the record presented, Defendant has failed to rebut the presumption in favor of detention. Even if presumption had been rebutted, I further conclude that there are no conditions nor any combination of conditions which would reasonably assure Defendant's appearance as required. For all these reasons, the Government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                             s/ Charles E Binder
                                                CHARLES E. BINDER
Dated: August 26, 2011                       United States Magistrate Judge

**CERTIFICATION**

      I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and James Piazza, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: August 26, 2011                By     s/*Jean L. Broucek*
                                                 Case Manager to Magistrate Judge Binder